IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Ronald Michael McCrary, | ) C/A No. 0:09-02959-HFF-PJG |
| Petitioner, | ) |
| vs. | ) **REPORT AND** |
| | ) **RECOMMENDATION** |
| Mary Mitchell, Warden, | ) |
| Respondent. | ) |

The petitioner, Ronald Michael McCrary ("Petitioner"), a self-represented federal prisoner, brings this action pursuant to 28 U.S.C. § 2241. This habeas corpus matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC. Petitioner is an inmate at the Federal Correctional Institution in Edgefield, South Carolina. Having reviewed the Petition in accordance with applicable law, the court concludes that it should be summarily dismissed.

## *PRO SE* REVIEW

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Petition filed in this case pursuant to the procedural provisions of the Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254;[1] and the Anti-Terrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214; and in light of the following precedents: Ashcroft v. Iqbal, 129 S. Ct. 1937 (2009); Denton v. Hernandez, 504 U.S. 25 (1992); Neitzke v. Williams, 490 U.S. 319, 324-25 (1989); Haines v. Kerner,

---

[1]The Rules Governing Section 2254 Cases may be applied in habeas actions filed pursuant to 28 U.S.C. § 2241. See Rule 1(b), 28 U.S.C. foll. § 2254 (permitting a district court to apply these rules to other habeas corpus petitions).

404 U.S. 519 (1972); Nasim v. Warden, Md. House of Corr., 64 F.3d 951 (4th Cir. 1995) (*en banc*).

This court is required to construe *pro se* petitions liberally. *Pro se* petitions are held to a less stringent standard than those drafted by attorneys, Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a petition filed by a *pro se* litigant to allow the development of a potentially meritorious case. Erickson v. Pardus, 551 U.S. 89 (2007); Hughes v. Rowe, 449 U.S. 5, 9 (1980); Cruz v. Beto, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* petition the petitioner's allegations are assumed to be true. Fine v. City of N.Y., 529 F.2d 70, 74 (2d Cir. 1975).

However, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990). The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the petitioner could prevail, it should do so; however, a district court may not rewrite a petition to include claims that were never presented, Barnett v. Hargett, 174 F.3d 1128 (10th Cir. 1999), construct the petitioner's legal arguments for him, Small v. Endicott, 998 F.2d 411 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

## BACKGROUND

On August 6, 2004, Petitioner was sentenced by the United States District Court for the Middle District of North Carolina. Petitioner indicates that he entered a guilty plea to the offense of "Possession of a Firearm in Commerce After a Felony Conviction" and was

*PJG*

sentenced to twenty-three (23) months in prison, with three years of supervised release upon Petitioner's release from the Bureau of Prisons' ("BOP") custody. Petitioner states that jurisdiction was transferred to the Eastern District of Virginia, Norfolk Division, on March 1, 2007. Petitioner's supervised release was subsequently revoked on December 11, 2007, and he was sentenced to one hundred sixty (160) days of incarceration, with three years of supervised release upon his release from custody. Petitioner alleges that, because he was given credit for time served, Petitioner's supervised release was amended from three (3) years to two hundred and five (205) days pursuant to an order issued on December 20, 2007. Thus, Petitioner asserts that his court-ordered supervised release expired on July 13, 2008. (Mem. in Supp., Docket Entry 1-1 at 2.)

However, Petitioner was again arrested for a supervised release violation on November 4, 2008. Petitioner claims that "copies of the [December 20, 2007] sentence amendment" never reached the "U.S. Probation Department, U.S. Marshal Service, or the U.S. Attorney office." (Id. at 3). As a result, on December 16, 2008, Petitioner was sentenced by the United States District Court for the Eastern District of Virginia, Norfolk Division, to eighteen (18) months and twenty (20) days of incarceration for a supervised release violation. (Pet., Docket Entry 1 at 2.) Petitioner claims that he is now being illegally confined.

## DISCUSSION

Petitioner files the instant habeas petition pursuant to 28 U.S.C. § 2241 challenging the December 2008 revocation of Petitioner's supervised release. Petitioner asserts that his term of supervised release expired in July of 2008, several months prior to the issuance of an arrest warrant for Petitioner's second supervised release violation. Thus, Petitioner alleges that the sentencing court lacked jurisdiction to impose the judgment and sentence

which Petitioner is currently serving. (Pet, Docket Entry 1 at 3; Mem. in Supp., Docket Entry 1-1 at 1.) Petitioner further claims that the supervised release revocation and subsequent sentence are "void and illegal." (Pet., Docket Entry 1 at 3.)

"Courts have held that a prisoner challenging the revocation of supervised release must file his motion under § 2255." Barnhardt v. Mitchell, C.A. No. 0:09-1452-RBH, 2009 WL 2430662 at *4 n.5 (D.S.C. Aug. 6, 2009); see also Milnes v. Samples, No. 88-7584, 1988 WL 105445 at *3 (4th Cir. Sept. 22, 1988). Further, such a motion must be filed in the sentencing court. 28 U.S.C. § 2255; see also Braden v. 30th Judicial Cir. Court of Kentucky, 410 U.S. 484, 497 (1973). Therefore, the present habeas action under § 2241 is subject to summary dismissal.

Prior to enactment of 28 U.S.C. § 2255, the only way a federal prisoner could collaterally attack a federal conviction was through a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. See Triestman v. United States, 124 F.3d 361, 373 (2d Cir. 1997). In 1948, Congress enacted § 2255 primarily to serve as a more efficient and convenient substitute for the traditional habeas corpus remedy. In re Dorsainvil, 119 F.3d 245, 249 (3rd Cir. 1997). The enactment of § 2255 was also needed, "[b]ecause pertinent court records and witnesses were located in the sentencing district [and] it became impractical to require these petitions to be filed in the district of confinement." Dumornay v. United States, No. 93-1402, 1994 WL 170752, at *1 (10th Cir. May 5,1994). Thus, "the remedy provided by 2255 was intended to be as broad as that provided by the habeas corpus remedy." Id., citing United States v. Addonizio, 442 U.S. 178, 185 (1979). Since relief granted pursuant to § 2255 "is as broad as that of habeas corpus 'it supplants habeas corpus, unless it is shown to be inadequate or ineffective to test the legality of the prisoner's detention.'" Id. at *2 (quoting Williams v. United States, 323 F.2d 672, 673 (10th

Cir. 1963)); see also Waletzki v. Keohane, 13 F.3d 1079, 1080 (7th Cir.1994) (stating that "a prisoner who challenges his federal conviction or sentence cannot use the federal habeas corpus statute at all but instead must proceed under 28 U.S.C. § 2255").

Although § 2255 expressly prohibits a prisoner from using § 2241 to challenge a conviction and sentence, § 2255 does contain a "savings clause." This "savings clause" allows a prisoner to challenge the validity of a conviction under § 2241, *if* the prisoner can demonstrate that § 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255 (e). The Fourth Circuit Court of Appeals, in In re Jones, 226 F.3d 328 (4th Cir. 2000), set forth the test to determine whether a § 2255 motion should be considered inadequate or ineffective. To invoke the "savings clause," a petitioner must demonstrate that: "(1) at the time of the conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law." Jones, 226 F.3d at 333-34.

In the instant action, Petitioner does not contend that 28 U.S.C. § 2255 is inadequate or ineffective to contest the legality of Petitioner's conviction. Further, Petitioner presents no facts to indicate that he meets any of the aforementioned Jones criteria required to invoke the "savings clause" of § 2255. As Petitioner seeks to challenge a federal conviction, but fails to demonstrate that § 2255 is inadequate or ineffective to test the legality of his detention, Petitioner's writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 is subject to dismissal.

Finally, it is noted that, even if the Petitioner could avail himself of § 2241, the instant Petition would likely be dismissed for failure to exhaust administrative remedies. Although § 2241 itself does not contain an exhaustion requirement, it is well settled that a federal prisoner must first exhaust his administrative remedies before bringing a claim under that statute. See McClung v. Shearin, 2004 WL 225093, at **1 (4th Cir. Feb. 6, 2004) (citing Carmona v. United States Bureau of Prisons, 243 F.3d 629, 634 (2d Cir. 2001)). In the instant case, the Petitioner has not established, or even alleged, that his administrative remedies have been exhausted.

## RECOMMENDATION

Accordingly, the court recommends that the petition for a writ of habeas corpus in the above-captioned case be dismissed without prejudice and without issuance and service of process upon the Respondent. See Allen v. Perini, 424 F.2d 134, 141 (6th Cir. 1970) (federal district courts have duty to screen habeas corpus petitions and eliminate burden placed on respondents caused by ordering an unnecessary answer or return).

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

December 3, 2009
Columbia, South Carolina

*Petitioner's attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The Petitioner is advised that he may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).